UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HARRY MADDOX, III,

      Plaintiff,

v.

MIKE McGEE,
STEVE TRENHAILE, and
DAN HILLEREN,

      Defendants.

Civil File No. 06-206 (ADM/AJB)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Moose Lake, Minnesota, ("MCF-ML"), has filed a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the $250 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated January 13, 2006, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $3.92, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 4), so this case is now before the Court for a final ruling on Plaintiff's IFP application, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1), because Plaintiff has failed to plead a cause of action on which relief can be granted.

## I. BACKGROUND

Plaintiff's current lawsuit stems from an incident that allegedly occurred at MCF-ML on January 2, 2006. Plaintiff alleges that he was sitting in a "day room" watching some fellow inmates play games at two nearby tables, when he heard an announcement over a loudspeaker. Initially, Plaintiff thought that the announcement did not pertain to him, but a short time later he was approached by Defendant Mike McGee, a correctional officer at MCF-ML. McGee allegedly told Plaintiff that he was violating a prison rule that limits the number of inmates allowed to gather around tables. According to the complaint, Plaintiff merely changed the angle of his chair, but Defendant McGee said "ok" and left the room.

A short time later, Plaintiff was ordered to report to a staff desk. When Plaintiff came to the desk, Defendant Steve Trenhaile, (another correctional officer), gave him a "ticket." The ticket allegedly charged Plaintiff with violating a prison rule, by failing to respond to an order – apparently referring an order given over the loudspeaker by Defendant McGee, which directed Plaintiff to move away from the game tables. Plaintiff protested to Trenhaile, but Trenhaile did not afford him any relief.

There are no allegations in the complaint suggesting that the ticket was ever prosecuted in any manner, or that Plaintiff was ever found guilty of any offense related to the ticket, or that Plaintiff suffered any consequences of any kind as a result of the ticket. Nevertheless, Plaintiff is now claiming that his constitutional rights were violated, apparently by the mere issuance of the ticket. He is attempting to sue not only Defendants McGee and Trenhaile, but also Dan Hilleren, who is identified as the "Acting Warden" at MCF-ML. Plaintiff

claims that Defendant Hilleren breached his "duty to supervise insubordinate officer's [sic] for misconduct he has noticed or been made aware of."

Although Plaintiff has not described any actual harm or injury caused by any of the Defendants, he is seeking money damages from them in the aggregate sum of $330,000.00.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff's complaint fails to state any claim on which relief can be granted. It will therefore be recommended that Plaintiff's lawsuit be summarily dismissed in its entirety.

To state an actionable claim for relief under 42 U.S.C. § 1983, "[t]he Plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate', not 'conjectural' or 'hypothetical.'" City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (quoting prior decisions). "The alleged injury must be 'distinct and palpable,' and likely to be redressed by a favorable decision." Cannon v. Garland County, No 96-3960 (8th

Cir. 1998) 1998 WL 172612 (unpublished opinion) (quoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 475 (1982)). See also Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) (per curiam) ("[t]o satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision").

Here, Plaintiff has failed to plead an actionable claim, because he has not alleged any facts suggesting that he has suffered, or is likely to suffer, any demonstrable injury. Plaintiff has alleged only that he received a "ticket." He has not explained what that means, and, more importantly, he has not suggested that the ticket had any actual, meaningful, consequences. The Court understands that the ticket might have formally charged Plaintiff with violating prison rules; and it is possible that Plaintiff may have been found guilty of a rule violation, and that some type of disciplinary sanction may have been imposed as a result. However, that is all sheer speculation, because the complaint itself alleges only that Plaintiff was given "a ticket." The complaint includes no factual allegations showing, or even suggesting, that Plaintiff suffered any actual and remediable injury that could support an actionable claim for relief.[1]

---

[1] The Court has not overlooked Plaintiff's vague allegations regarding an incident that allegedly happened several months ago, when he allegedly was punished by being placed on "room restriction" for five days. Even if Plaintiff were seeking relief for that past incident here, (which does not appear to be the case), his complaint would still fail to state an actionable civil rights claim. Five days of room restriction is not the type of unusual hardship or "cruel and unusual punishment" that could support an actionable due process claim, an Eighth Amendment claim, or any other claimed violation of the Federal Constitution. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (prisoner due process claim requires facts showing atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (placement in punitive isolation was not atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges).

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $250 filing fee.[2] To date, he has paid only $3.92, so he still owes $246.08. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $246.08, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: March 9, 2006

   s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 24, 2006.