UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harry Maddox, III,

           Plaintiff,

                                        **MEMORANDUM OPINION**
v.                                            **AND ORDER**
                                        Civ. No. 06-206 ADM/AJB

Moose Lake Correctional Facility,
Mike McGee, Steve Trenhaile,
and Dan Hilleren,

           Defendants.

___

Harry Maddox, III, *pro se*.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Harry Maddox, III's ("Plaintiff") Objections [Docket No. 7] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 6] of March 9, 2006. The R&R recommends that Plaintiff's Complaint [Docket No. 1] seeking relief under 42 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to plead a cause of action on which relief can be granted. For the reasons set forth below, the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of the Plaintiff's present Objections.

## II. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." Id.

In his R&R, Magistrate Judge Boylan noted that Plaintiff's Complaint is subject to pre-screening pursuant to 28 U.S.C. § 1915A because Plaintiff is a prisoner seeking redress from government employees. R&R at 3. Judge Boylan found that pursuant to 28 U.S.C. § 1915A(b)(1), Plaintiff's Complaint must be dismissed for failure to state a claim. Id. at 5. Plaintiff failed to state a claim for relief under 42 U.S.C. § 1983 because Plaintiff did not allege any facts suggesting that he had suffered, or was likely to suffer, any demonstrable injury, and that recognition of any injury was "sheer speculation." Id. at 4. Judge Boylan recommended that Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP") [Docket No. 2] be denied, Plaintiff remain liable for the unpaid balance of the $250 filing fee pursuant to 28 U.S.C. § 1915(b)(2), and that the dismissal of this action be counted as a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g).

Plaintiff states three Objections to Judge Boylan's R&R: 1) failure to address Plaintiff's grievances, namely, harassment and racial discrimination by the above-named corrections officers, 2) failure to recognize that Defendant Dan Hilleren ("Hilleren"), Acting Warden at Minnesota Correctional Facility—Moose Lake, breached his duty to supervise subordinate officers for misconduct he has noticed or been made aware of because Hilleren refused formal notice of a notarized complaint from Plaintiff, and 3) failure to recognize that Plaintiff's rights were violated when he was "falsely imprisoned" for an incident that led to five days of room restriction. Id. at 1-3. Plaintiff further states that the R&R violates his right to be free from false reports by corrections officers due to harassment and racial discrimination. Id. at 4.

Plaintiff's Objections fail to cure the defects in his original Complaint or establish any

error was made in the R&R.  The R&R addresses Plaintiff's allegations of harassment and racial discrimination, but notes that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to allege any supporting facts.  Plaintiff merely alleges he received a ticket for allegedly failing to respond to a corrections officer's order, and that Hilleren refused notice of a notarized complaint.  Plaintiff has not stated what receipt of the ticket means or whether he suffered any consequences as a result of the ticket.  If Plaintiff is attempting to seek relief for the incident that led to five days of room restriction, his Complaint still fails to state an actionable civil rights claim.  "Five days of room restriction is not the type of unusual hardship or 'cruel and unusual punishment' that could support an actionable due process claim, an Eighth Amendment claim, or any other claimed violation of the Federal Constitution."  R&R at 4 (citations omitted).

Additionally, because Plaintiff has not stated a viable claim for relief in his Complaint, his Application for Leave to Proceed IFP is denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff remains liable for the unpaid balance of his filing fee, in the amount of $246.08, to be deducted from his prison trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Finally, the dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 6] is **ADOPTED**;

2. Plaintiff's Objections [Docket No. 7] are **OVERRULED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**;

4. Plaintiff's Application for Leave to Proceed *in forma pauperis* [Docket No. 2] is **DENIED**;

5. Plaintiff is required to pay the unpaid balance of the Court filing fee, in the amount of $246.08, in accordance with 28 U.S.C. § 1915(b)(2); and

6. The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 20, 2006.